### BURKE v. SOUTHERN PAC. R. CO. et al.

### LAMPRECHT et al. v. SAME.

(Circuit Court of Appeals, Ninth Circuit. July 12, 1915.)

Appeal from the Circuit Court of the United States for the Southern Division of the Southern District of California; Erskine M. Ross, Judge.

Suit by Edmund Burke against the Southern Pacific Railroad Company and others. Decree for defendants, and complainant appeals. Affirmed.

Appeal from the Circuit Court of the United States for the Northern Division of the Southern District of California; Erskine M. Ross, Judge.

Suit by J. I. Lamprecht and others against the Southern Pacific Railroad Company and others. Decree for defendants, and complainants appeal. Affirmed.

See, also, 234 U. S. 669, 34 Sup. Ct. 907, 58 L. Ed. 1527.

In Burke v. Southern Pac. R. Co.:
Edmund Burke, of Los Angeles, Cal., in pro. per.
Guy V. Shoup, D. V. Cowden, and Wm. Singer, Jr., all of San Francisco, Cal., for appellees.

In Lamprecht et al. v. Southern Pac. R. Co. et al.:
E. J. Blandin, of Cleveland, Ohio, and D. J. Hinkley, of Detroit, Mich., for appellants.
Charles R. Lewers and Guy V. Shoup, both of San Francisco, Cal., for appellees.

Before GILBERT and MORROW, Circuit Judges, and WOLVERTON, District Judge.

PER CURIAM. The appeals from the decree of the court below dismissing the bill and the cross-bill in this case presented to this court questions of law which were thereupon certified to the Supreme Court. The answers of that court to all the questions were adverse to the contentions of the appellants. Burke v. Southern Pacific Railroad Co., 234 U. S. 669, 34 Sup. Ct. 907, 58 L. Ed. 1527. Thereafter the appellant Lamprecht filed a petition in this court, praying that the further question be certified to the Supreme Court, namely: Does the provision, "Provided further that all mineral lands be, and the same are hereby, excluded from the operations of this act," as the same is contained in the special act of Congress approved July 27, 1866 (14 Stat. 295, c. 278, § 3), expressly withhold from the officers of the Interior Department who administer it and the joint resolution approved June 28, 1870 (16 Stat. 382, No. 87), and the grant made thereby, all power and authority to determine conclusively and adjudicate in any proceeding under said act and joint resolution, what lands are and what lands are not mineral lands?

It is alleged in the petition that this question was not included in the questions which were certified to the Supreme Court, and was not answered

by that court, and a brief and argument is filed in support of the petition. We are of the opinion that the question so formulated is necessarily involved in the questions which were certified, and is fully met by the answers thereto. The second question which was certified directed attention to the grant as one which excluded mineral lands, and a portion of the opinion of the Supreme Court is devoted to the discussion of the appellant's contention that mineral lands are excluded from the operation of the grant. Referring to the language of the statute, "that mineral lands be, and the same are hereby, excluded from the operation of this act," the court said: "Words hardly could make it plainer that mineral lands were not included, but expressly excluded." To certify the question which is now proposed would be a request upon the part of this court that the Supreme Court revise its decision and answer differently the questions which have already been answered.

The petition must be denied, and, as there are no other questions to be disposed of, the decree of the court below is affirmed.